**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

November 4, 2019

Erwin El
201 Watchung Avenue
Plainfield, NJ 07060
*Pro se Plaintiff*

Brian P. Trelease, Esq.
Rainone Coughlin Minchello, LLC
555 U.S. Highway 1 South, Suite 440
Iselin, NJ 08830
*Counsel for Defendants*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    Re:    **El v. Johnson, et al**
             **Civil Action No. 19-16693 (SDW) (LDW)**

Litigants:

Before this Court is Defendants Chanel Johnson, M. Bowe, and Plainfield Police Department's (collectively, "Defendants") Motion to Dismiss Plaintiff Erwin El's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered Defendants' submissions, noting that Plaintiff did not file papers in opposition, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, grants Defendants' motion.

**DISCUSSION**

    A.  Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff, a resident of Plainfield, New Jersey, brings suit "*in propria persona, sui juris, in-full life*" and as "a citizen for the Nation, Moorish-America U.S.A./Morocco." (D.E. 1 at 1, 3.) In his Complaint, Plaintiff appears to allege that on August 13, 2019, while he was driving, Defendants wrongfully stopped him, issued him an unknown number of tickets, and seized his property in violation of his constitutional rights and the "Treaty of Peace and Friendship sealed by the Emperor of Morocco June 23, 1786." (*Id.* at 3, 5-6.)

Although *pro se* complaints are "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), they must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Here, Plaintiff has failed to articulate any meaningful facts regarding the alleged stop and search of his car, the seizure of his property, the issuance of tickets, what Defendants' specific actions were wrongful, or how those actions violated either the United States Constitution or the "Treaty of Peace and Friendship." Therefore, the facts provided in Plaintiff's Complaint are insufficient to support a claim entitling him to relief. *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level").

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss (D.E. 8) is **GRANTED without prejudice**. An appropriate order follows.

              ___/s/ Susan D. Wigenton_____
              **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
   Leda D. Wettre, U.S.M.J.